# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

TARAILLUS M. HOUSTON, )
)
      Plaintiff, )
)
v. )
)      CV419-144
)
MEG HEAP and SARAH J. DOAN, )
)
      Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Taraillus M. Houston has filed a 42 U.S.C. § 1983 complaint for lost wages, based on alleged false statements made by various district attorneys which resulted in a denial of a bail bond.  Doc. 1 at 6.  The Court now screens his Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any prisoner complaint that fails to state at least one actionable claim against a governmental entity or official.

Houston claims that during some undefined legal proceeding, Assistant District Attorney Doan issued some "falsification" that resulted in the denial of a bail bond.  Doc. 1 at 5.  He claims that this denial resulted in the loss of his job and resulted in him being unable to provide for his family.  *Id.*

Construing plaintiff's complaint as liberally as required for a *pro se* complainant, it appears that plaintiff is attempting to bring a claim for unlawful detention.  In order to establish a cognizable claim for unlawful detention under § 1983, plaintiff must allege facts showing the elements of common law false imprisonment: (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm.  *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996).  Plaintiff must further establish that the imprisonment resulted in a violation of his substantive due process rights under the Fourteenth Amendment.

Unfortunately for plaintiff, there is no set of facts he can allege against the named defendants which would allow this case to proceed. A District Attorney is absolutely immune from § 1983 liability where her alleged malfeasance stemmed entirely from her "function as an advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . .in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . . ' "), *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent).  Even if plaintiff could bring suit against these parties, plaintiff provides no facts suggesting that

that his substantive due process rights were violated.    Accordingly, claims against Meg Heap and Sarah J. Doan are dead on arrival.

## CONCLUSION

Accordingly, plaintiff's complaint should be **DISMISSED**.[1] Moreover, it is time to pay his filing fee.  Since his PLRA paperwork reflects an average monthly balance of $140 and average monthly deposits of $33.30, doc. 4 at 1, he owes a $28 partial filing fee.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall remit the $28 partial filing fee and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a

---

[1] Generally, a *pro se* plaintiff is granted at least one opportunity to amend.  *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires").  However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).  That appears to be the case here.  However, if plaintiff believes that he has the ability to amend the complaint he may do so within fourteen days from the date of this order.

copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. §636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,* 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this <u>25th</u> day of June, 2020.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA